838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kevin W. NAYLOR, Anthony S. Cooper, Plaintiffs-Appellants,
v.
David M. DOXZEN, Individually and as Corrections
Administrator, Frederick County Sheriff's Department;
Robert C. Snyder, Individually and as Sheriff of Frederick
County, Mitchell L. Hose, Individually and as Director of
Personnel of Frederick County, Maryland, Defendants-Appellees.
 No. 87-3726.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 6, 1988.
Decided: Feb. 2, 1988.
 
 Willie James Mahone for appellant,
 Michael Joseph McAuliffe (John M. Quinn, Quinn & McAuliffe on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Two black correction officers, Kevin W. Naylor and Anthony Cooper, were officers in the Sheriff's Department in Frederick County, Maryland. Prior to the present proceedings, Cooper had not been subject to disciplinary proceedings. Naylor had been suspended once for three days.
 
 
 2
 In January 1985 a syringe was found at the Frederick County Detention Center and an investigation ordered into possible drug use by the correctional staff. Allison Chapman of the Sheriff's Department interviewed members of the staff about their drug use and their knowledge of drug use by other members of the staff. The Frederick County Sheriff, defendant Robert Snyder, the Corrections Administrator, defendant David Doxzen, Chapman and another man from the sheriff's department, Cpl. David Dinges, met on February 19, 1985 to evaluate the results of the investigation. Doxzen as Corrections Administrator reported to Sheriff Snyder. The meeting though was chaired by Doxzen and the decisions were his. Snyder's policy was to give the Corrections Administrator primary authority in matters concerning operation of the Detention Center.
 
 
 3
 Doxzen reviewed the results of Chapman's interviews with the corrections staff and adopted the following matrix upon which to base disciplinary actions:
 
 
 4
 1. All statements which corroborated multiple drug use--dismissals. Officers Naylor, Cooper and Malpass met this criterion.
 
 
 5
 2. Uncorroborated independent observations of drug use--suspensions. Ms. Frazee met the criterion.
 
 
 6
 3. Singular observations of one time usage (i.e. one witness, one time, no corroboration)--written reprimand. Officers Wachter, Benner, Chrisp, Friend, and Harris were so observed.
 
 
 7
 The following day, Doxzen initiated the disciplinary actions. Naylor, Cooper and Malpass, a white officer, were offered the opportunity to resign in lieu of dismissal. Malpass resigned, Naylor and Cooper after declining to resign were terminated. Doxzen initiated suspension of Frazee by speaking with her supervisor Marrone. Marrone provided additional information to Doxzen that caused him to alter his conclusions of the previous day.[1]
 
 
 8
 Naylor and Cooper, after declining to resign, were dismissed by letters dated February 20, 1985. The stated grounds were violations of:
 
 
 9
 1. Rule 1.30C of the Rules of Conduct, Frederick County Detention Center, which [prohibited]: "[T]he taking of any narcotic, unless prescribed by a physician, while on or off duty."
 
 
 10
 2. Frederick County Personnel Rules, Chapter VI, Section 4, H., I., N., which stated the reasons for disciplinary action, as follows:
 
 
 11
 H. "Violation of County Ordinances, administrative regulations or intra-department rules."
 
 
 12
 I. "Use of alcoholic beverages or other mind-affecting drugs in association with the job."
 
 
 13
 N. "Conduct which is unbecoming of a County employee."
 
 
 14
 Cooper was terminated for an additional reason: being absent without leave in contravention of Section 4D.
 
 
 15
 Naylor and Cooper, pursuant to the terms of the dismissal letter and their rights under the Frederick County Personnel Rules sought an appeal. An appeal hearing, held March 8, 1985, was conducted by the Frederick County Director of Personnel, defendant Mitchell Hose. Naylor and Cooper were present and represented by Willie Mahone, their counsel in the present action. At the hearing, Chapman first testified about the interviews made during her investigation, then the person interviewed was brought in and testified. The testimony conformed with the interviews in most part, with the exception of Officer Barris.
 
 
 16
 Mahone questioned Doxzen regarding which regulation was being applied in the case. Doxzen replied that "continual use of drugs over the last year" was the regulation applied. Mahone pointed to the absence of an express regulation so prohibiting, indicating that the Detention Center Rule 1.30C against narcotic use did not contain a one year provision. Mahone then argued that progressive discipline should be used. He then indicated that either half the department should be thrown out or Naylor and Cooper reinstated.
 
 
 17
 One week after the appeal hearing, Hose affirmed the dismissals of Naylor and Cooper. Pursuant to the terms of the written decision and their rights under the Frederick County Personnel Rules, they sought a further appeal to Sheriff Snyder, the appointing authority for their jobs. Sheriff Snyder conducted an appeals hearing on April 10, 1985, and the hearing was continued on Mahone's request until April 16 to secure testimony of two additional witnesses. Sheriff Snyder affirmed the dismissals.
 
 
 18
 At the initial hearing before Doxzen, the Corrections Administrator, evidence regarding Officer Barris' drug use, different from Chapman's investigation was revealed. Barris testified to his personal drug use and it included multiple uses within the previous year. The investigation had revealed only a single observation of his use. Barris' own testimony put him on the top tier of the disciplinary matrix and like Cooper, Naylor, both black, and Malpass, white, Barris, also white, was allowed to resign in lieu of dismissal. He chose to resign.
 
 
 19
 Naylor and Cooper brought suit on February 3, 1986 in the United States District Court for the District of Maryland against Doxzen, Hose and Snyder in their individual and official capacities. The district court granted summary judgment for defendants on all counts. The court found that plaintiffs had submitted no direct evidence of discriminatory intent, had produced insufficient circumstantial evidence to allow a reasonable jury to find discriminatory intent and had submitted no evidence that they were denied due process. The court then dismissed plaintiff's pendent state law claims, and no appeal has been taken from that action.
 
 
 20
 After our review of the record, we are left with a serious doubt that the plaintiff succeeded in providing sufficient evidence of discriminatory intent to allow the case to go to the jury. We do not have to rule on that question because the possible existence of a pretext in the firing of Naylor and Cooper was effectively and indisputably rebutted. As indicated, sufficient evidence has not been adduced to take the constitutional claims to a jury. The due process claims are effectively met by the showing made of the adequacy of the hearings afforded, and adequate pretermination notice. The termination letter plaintiffs received adequately apprised them of the fact that their discharge was based on use of drugs. Moreover, while the letter cited a rule eventually deemed not yet in effect, Rule 1.30C, the letter also cited violation of other internal disciplinary rules that did apply to plaintiffs, such as "conduct unbecoming of a County employee."
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Marrone stated that when Frazee first came under his supervision approximately one year prior to February 20, 1985, he told her that he had heard rumors of drug use by her and forbade it while she was under his supervision. Marrone indicated that if her drug use, as revealed by the investigation, had occurred after that conversation, he thought the suspension appropriate. But, if it had occurred prior to the conversation then the action might be harsh. Doxzen spoke with Sheriff Snyder who told him to verify the dates of Frazee's use. The result was that the evidence was of use about a year previously. Doxzen then amended his disciplinary matrix. He adopted a twelve month rule whereby only drug use in the year immediately prior to February 1985 would be considered. He then reworked his matrix, Frazee's was the only resolution changed
 The reasons he gave for the twelve month amendment were:
 
 
 [1]
 Reservation in Frazee's particular case since her supervisor, Marrone, had given her, in effect, immunity for prior drug use
 
 
 [2]
 In criminal law, the statutory limit for a misdemeanor is twelve months
 
 
 [3]
 The intra-departmental regulation upon which the disciplinary actions were based Number 1.30C (prohibiting off-duty use of narcotics) was promulgated September 22, 1984